**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 111772

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ester Aronova, Angela L. Zippel, Joseph Fowles and Caitlin Rivera, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> National Bureau Collection Corporation, <br><br> Defendant. | Docket No: <br><br> **COMPLAINT—CLASS ACTION** <br><br> JURY TRIAL DEMANDED |

Ester Aronova, Angela L. Zippel, Joseph Fowles and Caitlin Rivera, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against National Bureau Collection Corporation (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Ester Aronova is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff Angela L. Zippel is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiff Joseph Fowles is an individual who is a citizen of the State of New York residing in Nassau County, New York.

8. Plaintiff Caitlin Rivera is an individual who is a citizen of the State of New York residing in Westchester County, New York.

9. On information and belief, Defendant's principal place of business is located in Tarrytown, New York.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

12. Defendant alleges each of the Plaintiffs owe a debt ("the debt").

13. The debts were incurred for medical treatment and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

14. Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

15. Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

16. In its efforts to collect the debts, Defendant contacted Plaintiff Aronova by letter dated January 28, 2016, Plaintiff Zippel by letter dated January 21, 2016, Plaintiff Fowles by letter dated February 19, 2016, and Plaintiff Rivera by letter dated November 7, 2016. ("**Exhibit 1**.")

17. The letters were the initial communication to each Plaintiff received from Defendant.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

18. The letters are all identical in all material respects.

19. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

20. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

21. One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

22. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

23. The letters all state, "As of the date of this letter, according to our client's directions, the above amount is the total amount of the debt owed."

24. The letters fail to disclose whether the amounts stated "as of the date of this letter" may increase due to interest, fees or some other reason.

25. The qualifier, "as of the date of this letter," would likely confuse the least sophisticated consumer.

26. The qualifier, "as of the date of this letter," would likely confuse the least sophisticated consumer as to whether the amounts stated in the letters may increase due to interest, fees or some other reason, after the date of the letters.

27. The qualifier, "as of the date of this letter," would likely lead the least sophisticated consumer to be uncertain as to whether the amounts stated in the letters may increase due to interest, fees or some other reason, after the date of the letters.

28. The qualifier, "as of the date of this letter," would likely confuse the least sophisticated consumer as to whether the amounts stated in the letters was accurate only "as of the date of [the] letter."

29. The qualifier, "as of the date of this letter," would likely lead the least sophisticated consumer to be uncertain as to whether the amounts stated in the letters was accurate only "as of the date of [the] letter."

30. The qualifier, "as of the date of this letter," would likely confuse the least sophisticated consumer as to whether payment of the amounts stated in the letters would satisfy the debts.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

31. The qualifier, "as of the date of this letter," would likely lead the least sophisticated consumer to be uncertain as to whether payment of the amounts stated in the letters would satisfy the debts.

32. The qualifier, "as of the date of this letter," would likely confuse the least sophisticated consumer as to the amounts of the debts.

33. The qualifier, "as of the date of this letter," would likely lead the least sophisticated consumer to be uncertain as to the amounts of the debts.

34. The qualifier, "as of the date of this letter," would likely confuse the least sophisticated consumer as to the amounts of the debts because the consumer would not know whether the amount stated in the letters would increase after the date of the letters.

35. The qualifier, "as of the date of this letter," would likely lead the least sophisticated consumer to be uncertain as to the amounts of the debts because the consumer would not know whether the amount stated in the letters would increase after the date of the letters.

36. For these reasons, Defendant failed to clearly convey the amount of the debts, in violation of 15 U.S.C. § 1692g(a)(1).

37. For these reasons, Defendant failed to unambiguously convey the amount of the debts, in violation of 15 U.S.C. § 1692g(a)(1).

38. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

40. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

41. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

42. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

43. Because of the qualifier, "as of the date of this letter," the least sophisticated consumer could reasonably read the letters to mean that the debts could be satisfied by remitting

the amounts listed at any time after receipt of the letters.

44. Because of the qualifier, "as of the date of this letter," the least sophisticated consumer could reasonably read the letters to also mean that the amounts listed was accurate only on the date of the letters.

45. Because one of these reasonable readings must be inaccurate, the letters violate 15 U.S.C. § 1692e.

46. Because the letters are reasonably susceptible to an inaccurate reading by the least sophisticated consumer, the letters violate 15 U.S.C. § 1692e.

47. 15 U.S.C. § 1692a(5) requires the letter to include a statement that if the consumer requests in writing within 30-days of receipt of the letter the name and address of the original creditor, the debt collector must provide such information if the original creditor is different from the current creditor.

48. The letters state, "Upon the consumer's written request within **a** thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor." (emphasis added.)

49. The letters do not define "a thirty day period."

50. The letters do not state when the thirty day period begins.

51. The letters do not state when the thirty day period ends.

52. Because of this, the letters would likely confuse the least sophisticated consumer as to when the thirty day period begins and ends.

53. Because of this, the letters would likely lead the least sophisticated consumer to be uncertain as to when the thirty day period begins and ends.

54. Because of this, the letters would likely confuse the least sophisticated consumer as to his or her right to demand the creditor information.

55. Because of this, the letters would likely lead the least sophisticated consumer to be uncertain as to his or her right to demand the creditor information.

56. For these reasons, Defendant failed to effectively convey the right to demand the creditor information, in violation of 15 U.S.C. § 1692g(a)(5).

57. Because the letters are reasonably susceptible to an inaccurate reading by the least sophisticated consumer concerning when the thirty day period begins and ends, the letters violate 15 U.S.C. § 1692e.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## CLASS ALLEGATIONS

58. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using the same unlawful letter described herein, from one year before the date of this Complaint to the present.

59. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

60. Defendant regularly engages in debt collection, using the same unlawful letter described herein, in its attempts to collect delinquent consumer debts from other persons.

61. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using the same unlawful letter described herein.

62. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

63. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

64. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## JURY DEMAND

65. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiffs as Class Representatives of the Class, and their attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiffs' costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: January 20, 2017

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 111772

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530